UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RREEF AMERICA REIT II CORP. YYYY,

Plaintiff,

v.

STEADFAST INSURANCE COMPANY, AN ILLINOIS CORPORATION,

Defendant.

Case No. 25-cv-10567-WHO

**ORDER GRANTING JUDGMENT ON THE PLEADINGS**

Re: Dkt. No. 17

Before me is defendant Steadfast Insurance Company's ("Steadfast's") Motion for Judgment on the Pleadings. Steadfast contends that plaintiff Rreef America Reit II Corp. YYYY ("Rreef") failed to file suit within the four-year statute of limitations. It has presented judicially noticeable documents with its Answer that demonstrate that it unequivocally denied Rreef's tenant-occupancy loss-of-rent claim in October or November of 2020. Rreef did not file suit until March 19, 2025, more than four years later. Rreef argues that I should consider Steadfast's March 22, 2021 Letter in response to Rreef's request for reconsideration, which confirmed denial of the claim, as the start of the relevant statute of limitations period. But the coverage determination started the statute of limitations clock and it was not tolled by Rreef's request for reconsideration. I will GRANT Steadfast's Motion for Judgment on the Pleadings and enter judgement accordingly.

## BACKGROUND

RReef is a Maryland real estate investment company that owns the San Francisco Design Center ("the Design Center"), located in San Francisco, California. Complaint ("Compl.") ¶ 2. In October of 2016, Rreef signed an environmental insurance policy ("the Policy") with Steadfast to cover the Design Center. Compl. ¶ 8. The Policy was valid from October 6, 2016, through

United States District Court
Northern District of California

October 1, 2019.  *Id.*  The Policy principally covers "First Party Cleanup Costs" where Steadfast agreed to "pay 'cleanup costs' to the extent resulting from a 'new pollution event' that is on, at, under the Property . . ., if that 'new pollution event' is first 'discovered' during the 'policy period' and the 'discovery' is reported to [Steadfast] in writing during the 'policy period' or within sixty days following the end of the 'policy period.'"  Compl. ¶ 11.

The Policy additionally has an Endorsement clause, entitled Supension of Tenant Occupancy, under Coverage Policy E.  It reads, in pertinent part, that Steadfast:

> will pay "other loss" to the extent resulting from a "new pollution event" on, at, or under a "covered location," which is covered under SECTION 1. INSURING AGREEMENTS, Coverage B.1 or B.2, if that "new pollution event":
> a.  Is first "discovered" during the "policy period" and
> b.  Directly causes a "suspension of tenant occupancy" at such "covered location" during the "policy period";
> Provided the "suspension of tenant occupancy" is reported to [Steadfast] in writing during the "policy period" or within sixty days following the end of the "policy period."

Answer, Exh. 1 (Policy) [Dkt. No. 14-2] at 79.[1]

On July 12, 2019, materials containing lead and asbestos were discovered at the Design Center by a general contractor working for Rreef's then-tenant at the Design Center, Samsara, Inc. ("Samsara").  Compl. ¶ 18.  Considering this to be a "new pollution event" within the scope of the Policy, Rreef notified Steadfast that hazardous materials including lead and asbestos had been found at the Design Center within the time period covered by the Policy on August 9, 2019. Compl. ¶¶ 23–25; Answer, Exh. 2 (November 13, 2020 Email to Rreef).  On January 27, 2020, Steadfast agreed to pay for remediation costs and expenses related to the lead and asbestos abatement.  Compl. ¶ 26; Answer, Exh. 2.

During the remediation of the lead and asbestos, Samsara was required to vacate the Design Center for approximately two months.  Compl. ¶ 18–20.  Rreef alleges that this resulted in more than $1,800,000 in lost rent.  Compl. ¶ 22.  On August 12, 2020, Rreef submitted another claim to Steadfast for the loss in rental income, asserting coverage under the "other loss" provision found in Coverage Policy E.  Compl. ¶ 28; Answer, Exh. 2.  Because Steadfast concluded that this

---

[1] I explain later why I may take judicial notice of the documents attached to the Answer.

additional claim was submitted outside the scope of the time covered by the Policy (which required reporting any "other loss" within the Policy period or within sixty days following the end of the Policy period on October 1, 2019), it denied Rreef's suspension of tenant occupancy claim. Compl. ¶ 26; Answer, Exh. 4 (October 19, 2020 Letter).

Steadfast first reached out to Rreef's broker, Beth Sutherland, on October 14, 2020, to explain that it would deny coverage for the suspension of tenant occupancy claim. Answer, Exh. 3 (October 14, 2020 email). It then sent Ms. Sutherland the October 19, 2020 Letter. Answer, Exh. 4. Upon receipt, Ms. Sutherland requested that Steadfast "reconsider [its] position as stated in the letter," because she viewed the addition of the tenant occupancy claim to be only an extension of the earlier filed and granted "new pollution event" claim. Answer, Exh. 5. Steadfast did not change its decision. On November 13, 2020, it sent the October 19, 2020 Letter denying coverage to Rreef directly. Answer, Exh. 2.

On February 9, 2021, Ms. Sutherland submitted a "formal request for reconsideration of the coverage evaluation made in this case." Answer, Exh. 7 (Rreef Request for Reconsideration). In the formal request, Ms. Sutherland wrote: "This letter is in response to [Steadfast's] letter dated October 19, 2020 . . . ." *Id.*

On March 22, 2021, Steadfast responded to Rreef's formal request for reconsideration. Answer, Exh. 8 (March 22, 2021 Letter). In the letter, Steadfast explained its view that, again, because "none of the claims for 'suspension of tenant occupancy' were timely reported, . . . Steadfast must stand by its determination that there is no potential for coverage under Coverage E for these suspension of tenant occupancy claims." *Id.* [Dkt. No. 14-9] at 5.

Rreef filed a complaint against Steadfast in San Francisco Superior Court on March 19, 2025. *See* Notice of Removal [Dkt. No. 1-1] at 14. In its complaint, Rreef alleges three causes of action: (1) Declaratory Judgment, Compl. ¶¶ 30–33; (2) Breach of Contract, Compl. ¶¶ 34–41; and (3) Breach of Duty of Good Faith and Fair Dealing, Compl. ¶¶ 42–50. Steadfast removed the complaint to federal court on December 10, 2025. It moved for judgment on the pleadings on February 19, 2026, contending that Rreef failed to file its complaint within the required statute of limitations period. Motion for Judgment on the Pleadings ("Mot.") [Dkt. No. 17]. Rreef opposed

3

the motion and Steadfast replied.  *See* Opposition to the Motion for Judgment on the Pleadings ("Oppo.") [Dkt. No. 22]; Reply in Support of Motion ("Reply") [Dkt. No. 27].  I held a hearing on the motion on March 25, 2026.

**LEGAL STANDARD**

Federal Rule of Civil Procedure ("FRCP") 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. Proc. 12(c).  "Dismissal under Rule 12(c) is warranted when, taking the allegations in the complaint as true, the moving party is entitled to judgment as a matter of law."  *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1246 (9th Cir. 2017) (citation omitted).  "[M]otions for judgment on the pleadings are functionally identical to Rule 12(b)(6) motions."  *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021) (internal quotation marks omitted) (citing *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)). "[U]nder both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'"  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation omitted).  For both motions, dismissal may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F. 2d 530, 534 (9th. Cir. 1984) (citation omitted).

A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Although the Court must accept as true the well-pled facts in a complaint, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).

United States District Court
Northern District of California

4

A statute of limitations defense may be resolved on a Rule 12(c) motion where "the defense appears from the face of the pleading, or where the defense raises no disputed issue of fact." *Range 2 Poke LLC v. Lemonshark Franchising, LLC*, No. 8:22-CV-00949-SPG-ADS, 2022 WL 22914673, at *3 (C.D. Cal. Oct. 21, 2022) (internal citations omitted).

"Although Rule 12(c) does not mention leave to amend, courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment." *Cagle v. C & S Wholesale Grocers Inc.*, 505 B.R. 534, 538 (E.D. Cal. 2014) (first citing *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); and then citing *Carmen v. S.F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997)). Indeed, granting a Rule 12(c) motion and "[d]ismiss[ing] with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003) (per curiam)).

**DISCUSSION**

**I.      Consideration of Documents**

As a preliminary matter, the parties dispute whether I may consider the documents that Steadfast has appended to its Answer. Oppo. 8–9; Reply 2–4. Rreef cites *Bakalian v. Central Bank of Republic of Turkey* for the proposition that to "decide whether an action is time-barred . . . [courts] must determine whether the running of the statute is apparent on the face of the complaint." 932 F.3d 1229, 1233 (9th Cir. 2019). In its complaint, Rreef alleges that Steadfast denied coverage of its suspension of tenant occupancy claim on March 22, 2021. Nowhere does it mention Steadfast's October 19, 2020 Letter and related communications. Nor does it refer to the date that it tendered its suspension of tenant occupancy claim to Steadfast. The only place where this information is presented is in the documents attached to Steadfast's Answer. *See* Answer, Exhs. 1–8.

Rreef's understanding of what documents a court may review is too narrow. *Bakalian* is a case where the defendant did not offer additional documents in its Answer nor were there documents attached to the complaint for the court to consider. That court therefore dealt solely

5

with the issue of "whether the plaintiffs' claims are *facially* time-barred . . . ." 932 F.3d at 1233 (emphasis added).

Rreef is correct that there is some disagreement on whether a court can consider documents attached to pleadings outside of the complaint. *See Thomas v. Fin. Recovery Servs.*, 2013 WL 387968, at *2 (C.D. Cal. Jan. 31, 2013) (collecting cases). The majority of courts view the issue as follows: "On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Moore v. Kroger Co.*, No. C-13-04171-DMR, 2014 WL 825428, at *2 (N.D. Cal. Feb. 28, 2014) (Ryu, M.J.) (internal quotation marks and citation omitted); *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."). An answer to a complaint is a pleading. Fed. R. Civ. P. 7(a)(2). When documents are properly appended to an answer, then, they may be properly before the court for consideration in a 12(c) motion. And, "[i]n this regard, a court need not accept as true any allegations that are contradicted by judicially noticeable facts." *Threshold Enters. Ltd. v.. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145 (N.D. Cal. 2020) (White, J.).

I will consider the exhibits attached to Steadfast's Answer. While Rreef objects generally to the evidence submitted, it does not contest the authenticity of Steadfast's exhibits. And the exhibits are central to the issue presented. Rreef submits its own documents as exhibits to its Opposition to support its view that there is a factual dispute whether Steadfast was required to cover the totality of its filed claims. Oppo. 2–4. n.1. Rreef urges me, if I consider Steadfast's documents, to convert this motion into one for summary judgment and allow Rreef the opportunity to conduct further depositions and discovery before ruling. Oppo. 3. But the issue before me is whether the statute of limitations had run before Rreef filed its lawsuit, and the documents submitted with the motion are dispositive.

I have reviewed Rreef's additional documents and conclude that none suggests that I should convert or consider the pending motion as one for summary judgment.

**II.    The October 19, 2020 Letter**

The crux of Steadfast's motion is that the October 19, 2020 Letter sent to Rreef's broker

United States District Court
Northern District of California

6

Ms. Sutherland in October 2020 and sent directly to Rreef on November 13, 2020, demonstrates that Steadfast "unequivocally denied" Rreef's claim for loss of rental value at the latest on November 13, 2020. Answer, Exhs. 2, 3, 4; Mot. 8; Reply 4–9. Rreef contends that because it asked Steadfast to reconsider this denial, Steadfast's March 22, 2021 Letter instead represents Steadfast's unequivocal denial. This matters because, as the parties do not dispute, the four-year statute of limitations begins on the date of unequivocal denial for at least two of Rreef's three claims.[2] If the date of unequivocal denial was in October or November of 2020, Rreef must have filed its case by October or November of 2024. If the date of unequivocal denial was actually March 22, 2021, then Rreef had until March 22, 2025, to file its complaint. Rreef filed its complaint in San Francisco Superior Court on March 19, 2025.

The language in the October 19, 2020 Letter is clear: "The purpose of the correspondence is to advise you that Steadfast has reviewed the facts as submitted and must regrettably disclaim coverage for the two [suspension of tenant occupancy] claims for the reasons set for[th] below." Answer, Exh. 4. After reviewing the facts and the relevant Policy provision, Steadfast explained that it "must disclaim coverage . . . because the Insured did not report the 'suspension of tenant occupancy' during the policy period or sixty days following as required by the Policy." *Id.* It concluded, using standard coverage denial language: "If you have any additional information or documentation that you believe would alter our coverage position, please forward it . . . so that we can give this matter further consideration. If you believe that all or part of this claim has been wrongfully denied or rejected, you may have the matter reviewed by the California Department of Insurance . . . ." *Id.*

The standard language in the conclusion does not change the central determination of coverage. The October 19, 2020 Letter is not equivocal. It does not suggest that the determination is conditional or tentative. Rreef asks: "If the October 19, 2020 position letter was an unconditional denial, why did Steadfast cause another denial letter to be sent on March 22, 2021?"

---

[2] Reef contends that the four-year statute of limitations that controls the breach of contract causes of action does not apply to the declaratory relief cause of action. Oppo. 13–14. As I explain below, I disagree.

United States District Court
Northern District of California

Oppo. 9. The answer is simple: Rreef asked Steadfast to reconsider its position. Steadfast made clear that its prior coverage determination applied. In the first paragraph of the March 22, 2021 Letter, Steadfast explained that it was responding to "[y]our correspondence addressed to Steadfast's October 19, 2020 coverage determination letter." March 22, 2021 Letter [Dkt. No. 14-9] at 2. The conclusion of the letter reiterates the reasons for its denial of coverage "whether or not set forth in this letter or in Steadfast's October 19, 2020 letter…." *Id.* at 7. At no point did Steadfast indicate that it had retracted the denial in the October 19, 2020 Letter as a part of any reconsideration. The October 19, 2020 Letter formally denied Rreef's claims. The March 22, 2021 Letter only served to (1) respond to Rreef's request for reconsideration and (2) confirm Steadfast's prior denial. The October 19, 2020 Letter (sent directly to Rreef on November 13, 2020) was unequivocal. The statute of limitations ran in either October or November of 2024.

### III.    Equitable Tolling of the Statute of Limitations

Rreef argues in the alternative that, if I determine that the October 19, 2020 Letter is an unequivocal denial, I must equitably toll the statute of limitations so that it effectively ran on March 22, 2025, instead of the earlier October or November 2024 date. Oppo. 11–12. It acknowledges that "an insured's request to an insurer to reconsider a denial will not toll a limitations period," but argues that "an insurer's agreement to reopen and reinvestigate can toll the limitations period." Oppo. 11 (quoting *Gaylord v. Nationwide Mut. Ins. Co.*, 776 F. Supp. 2d 1101, 1114 (E.D. Cal. 2011) (citing *Ashou v. Liberty Mut. Fire Ins. Co.*, 138 Cal. App. 4th 748, 762–63 (2006))).

Rreef asserts that "it is indisputable that Steadfast agreed to reopen and reinvestigate the matter" because the March 22, 2021 Letter from Steadfast stated that it was "in response to your correspondence dated February 9, 2021." Oppo. 11. It offers no caselaw to support its unreasonably broad understanding of the scope of what constitutes an insurer's agreement to reopen, reinvestigate, and reconsider a claim.

Steadfast points to *Singh v. Allstate Insurance Company* to support its position that the typical "justifications for equitable tolling are absent[] once the carrier has initially denied the claim." 63 Cal. App. 4th 135, 142 (1998). *See also Barbey v. State Farm General Ins. Co.*, No.

8

24-5424, 2025 WL 3525562, at *1 (9th Cir. Dec. 9, 2025) (citing favorably to *Singh* and noting that the insurer's "reconsideration of [Plaintiffs'] claim did not extend the period of equitable tolling" and that the insurer's "reiterat[ion] [of] its denial" and that it never informed plaintiffs "that it was retracting its [original] denial or reopening their claim" did not allow for equitable tolling).  The same is true here.  As I have explained, Steadfast "initially denied the claim" at issue in October or November of 2020.  *Allstate Ins. Co.*, 63 Cal. App. 4th at 142.  From that time until Steadfast's further communication with Rreef in February and March of 2021, Rreef "was aware of the right to sue, and of potential grounds, before any request for reconsideration."  *Id.*  I agree with the court in *Allstate*, which held that "[t]he extension of a courtesy, to look at anything else that plaintiffs might have to offer, did not render the denial equivocal."  *Id.* at 143.  To hold otherwise would only serve to punish insurance companies for extending such a courtesy and chill their willingness to review a claim determination absent any major change in circumstance.

Consider, as an example, *Ashou v. Liberty Mutual Fire Insurance Company*, cited by Rreef in opposition.  138 Cal. App. 4th 748; Oppo. 9, 11.  In that case, the California Court of Appeal, in distinguishing the case from *Singh*, held that equitable tolling was appropriate in a case where during the intervening time "between the insurer's initial denial of the claim and the insured's request for reconsideration, the Legislature found the insurance industry's response to [an earthquake] to have been so inadequate that it was necessary to enact blanket legislation allowing suits on earthquake claims that would otherwise have been time-barred."  138 Cal. App. 4th at 764.  "[I]n light of the change in the law . . . [the] reconsideration process should be allowed to continue its course without being prematurely halted by a lawsuit."  *Id.*  The case here is, again, more like *Singh*, where "little had changed between the insurer's initial denial of the claim and the insured's request for reconsideration."  *Id.*  Indeed, Rreef's broker first made a request for reconsideration a mere three days after Steadfast emailed the October 19, 2020 Letter.  Oppo. 11.  Rreef filed its formal request for reconsideration on February 9, 2021—less than three months from Steadfast's direct issuance of the coverage denial to Rreef.  Reply 8–9.

Equitable tolling is inappropriate in this instance.

United States District Court
Northern District of California

#### IV.     Estoppel

Rreef next briefly argues that I must equitably estop Steadfast from raising a statute of limitations defense.  Oppo. 12–13.  "Estoppel is applicable where the conduct of one side has induced the other to take such a position that it would be injured if the first should be permitted to repudiate its acts."  *Leasequip, Inc. v. Dapeer*, 103 Cal. App. 4th 394, 403 (2002).  To prove a need for estoppel, a party must prove: "(1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and, (4) he must rely upon the conduct to his injury."  *Id.* at 403–404.

Rreef argues that it is entitled to equitable estoppel because Steadfast "gave assurance to the Insured that the denial was being reconsidered" and that it "was ignorant of other facts that would lead [Rreef] to believe that the denial date was any date other than March 22, 2021."  Oppo. 13.  Rreef's conclusory argument lacks factual support and, indeed, belies the record before me.  Nowhere did Steadfast give any "assurance . . . that the denial was being reconsidered."  *Id.*  Rreef was issued a coverage denial letter no later than November 13, 2020.  Perhaps Rreef or its broker misunderstood its obligations with regard to the October 19, 2020 Letter.  But that does not rise to the level that it was actually "ignorant of the true state of facts."  *Leasequip, Inc.*, 103 Cal. App. 4th at 404.

#### V.     Declaratory Relief Cause of Action

Finally, Rreef argues that—even if I find for Steadfast on every other issue that Rreef has raised—the declaratory relief cause of action is not subject to the same statute of limitations as the breach of contract or breach of duty of good faith and fair dealing causes of action, and so it alone must continue forward in this case.  Oppo. 13–14.

Under California law, a cause of action for declaratory relief does not have an independent statute of limitations.  Mot. 7; Oppo. 14.  Instead, "the duration of the limitations period applicable to a declaratory relief action is determined by the nature of the underlying obligation sought to be adjudicated."  *Snyder v. Cal. Ins. Guar. Ass'n.*, 229 Cal. App. 4th 1196, 1208 (2014).  Therefore,

"[a]n action for declaratory relief may be brought before a cause of action on the underlying obligation is breached, but in no event later than the applicable time period following the breach." *Id.*

Rreef asserts that the cause of action for declaratory relief is separate and apart from its contractual claims. Oppo. 14. It contends that the "breach of contract cause of action addresses whether the denial of the [tenant loss] Claim was a breach of the Policy," whereas the "declaratory judgment cause of action addresses the rights of the Insured and obligations of Steadfast as it relates to the *entire* Claim." *Id.* (emphasis added).

Rreef views the "entire" Claim to reach back to January 2020, when Steadfast agreed to cover the cleanup portion of Rreef's claim as well as Steadfast's October or November 2020 denial of coverage for the loss of rent. This argument is puzzling since Rreef seeks to distinguish the clear crux of its complaint (concerning the loss of tenant rent and Steadfast's refusal to cover that loss) from any general obligations that Steadfast may have owed to Rreef.

I do not need to sort out Rreef's inconsistent analysis. California law is clear that any "statute of limitations begins to run when [an insurer] rejects the claim." *Snyder*, 229 Cal. App. 4th at 1209. No matter what Rreef ultimately sought to determine with its declaratory relief claim, Steadfast's rejection of Rreef's claim occurred in October or November 2020. That requires a conclusion that the statute of limitations for the declaratory relief claim likewise ran in October or November of 2024.

## CONCLUSION

The statute of limitations ran at the latest on November 13, 2024. Rreef failed to file suit within the limitations period and has forfeited its right to sue Steadfast on these issues. Steadfast's Motion for Judgment on the Pleadings is GRANTED. The case is dismissed. The clerk shall enter Judgment for Steadfast in accordance with this Order.

**IT IS SO ORDERED.**

Dated: April 1, 2026

William H. Orrick
United States District Judge

United States District Court
Northern District of California

11